UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | No. 20-mj-189 (ZMF) |
| | : | |
| | : | |
| SHAHN GILES, | : | |
| TAQUAN CANARTE AND | : | |
| MONDO BROOKS | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OMNIBUS MEMORANDUM
IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that Defendants Shahn Giles, Taquan Canarte, and Mondo Brooks be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(C) [Serious Drug Felony].  With respect to defendant Brooks, the government additionally requests his detention pursuant to 18 U.S.C. § 3142 (f)(1)(A) [Possession of Firearm during Drug Trafficking Offense].   With respect to each of the Defendants, there is a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the Defendants' appearance in this case and otherwise protect the community, pursuant to 18 U.S.C. § 3142(e)(3)(A).   In addition, with respect to Defendant Brooks only, a rebuttable presumption also exists pursuant to 18 U.S.C. § 3142(e)(3)(B).

The government respectfully requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the

1

Court's determination regarding pre-trial detention.

## Procedural History

On September 24, 2020, Defendant Giles was charged by Complaint with one count of Unlawful Possession with Intent to Distribute 40 grams or more of Fentanyl, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).  Defendant Canarte was charged by Complaint with one count of Possession with Intent to Distribute Fentanyl, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Defendant Brooks was charged by Complaint with one count of Possession with Intent to Distribute Fentanyl and one count of Possession with Intent to Distribute Cocaine Base, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, pursuant to 18 U.S.C. § 924(c)(1).  Based on the nature and circumstances of the offenses, as well as Defendants' history and characteristics, the government respectfully requests that the Court hold each of the Defendants without bond pending trial to ensure the safety of the community, as none can overcome the rebuttable presumption in favor of detention.

At today's initial appearance, the government intends to orally move for Defendants' detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement of the defense and in light of the current national public health emergency related to COVID-19, the government requests to immediately proceed to the detention hearing.

Pursuant to 18 U.S.C. §§ 3142(e)(3)(A), there exists a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the Defendants' appearance in this case and otherwise protect the community.  The government must establish by clear and

convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). In consideration of these factors, along with the applicable rebuttable presumption, the government respectfully submits that there is no condition, or combination of conditions, that would assure the safety of the community or the Defendants's appearance at future proceedings.

## Nature and Circumstances of the Offenses Charged

On September 23, 2020, officers of the Metropolitan Police Department ("MPD") were in the process of executing a series of search warrants authorized by the United States District Court for the District of Columbia. During the execution of the warrants, officers received information that certain subjects of the warrants, including Defendants Giles and Canarte, standing with a group of individuals, including Defendant Brooks. Officers approached the group to execute the search warrants for Defendants Giles and Canarte and inquired whether any other individuals in the group were carrying firearms. In response, Defendant Brooks appeared to become nervous and began backing away from law enforcement, and officers observed a bulge consistent with a firearm in Defendant Brooks's clothing.

Believing that he was armed and to ensure officer safety during the execution of the judicially-authorized warrants, law enforcement conducted a protective pat-down of the area of Brooks's clothing where the bulge was located. Officers immediately felt a hard metal object,

3

consistent with a firearm, and Defendant Brooks was secured and the firearm was recovered. The firearm, subsequently determined to be a "ghost gun," or personally made firearm, was a Poly80 9mm with no serial number. The firearm was loaded with a high-capacity magazine containing fifteen (15) rounds of ammunition and one round in the chambers. Defendant Brooks was placed under arrest and, during a search incident to arrest, officers recovered from his person the following items: a clear plastic twist containing approximately 9.3 grams of white powder substance, which field-tested positive for the presence of Fentanyl, and two additional twists containing approximately 3.4 grams of white rock substance, which field-tested positive for the presence of cocaine base.

As previously noted, officers also had judicially-authorized search warrants for the person of Defendants Giles and Canarte. During the search of Defendant Giles, law enforcement located a plastic twist from his front pants area, which contained a white powder substance. The substance weighed approximately 56 grams. An additional plastic twist containing white powder substance, weighing approximately 6 grams, was also recovered from Defendant Giles. A portion of the white powder substance field-tested positive for the presence of Fentanyl. During the search of Defendant Canarte, he was found to be in possession of a bottle of suspected Promethazine. From his front pants area, law enforcement recovered a plastic twist containing approximately 26 grams of a white powder substance. From his rear pants area, law enforcement recovered approximately twelve (12) individual zips of a white powder substance, with a total weight of approximately 8 grams. A portion of the white powder substance field-tested positive for the presence of Fentanyl.

First, the nature of the offense – given the dangerous nature of the controlled substance at

issue – weighs in favor of detention. Defendant Canarte was also in possession of another controlled substance – Promethazine. Moreover, Defendant Brooks had an additional controlled substance – crack cocaine – and a firearm on his possession.

**Weight of the Evidence Against the Defendants**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against each Defendant is also quite strong. As noted above, each of the Defendants were found in actual possession of the narcotics (and firearm) at issue. The recovery of the suspected narcotics, as well as the recovery of the firearm from Defendant Brooks, was witnessed by law enforcement and captured on bodyworn camera video. Accordingly, the weight of the evidence weighs in favor of detention.

## Defendants' History and Characteristics

The third factor, the history and characteristics of the person, weighs in favor of Defendants' detention.[1]

A. Defendant Brooks

Although it appears that Defendant Brooks may have no prior adult criminal convictions, his history and characteristics, as demonstrated by his apparent willingness to engage in distribution of multiple controlled substances while armed, should give this Court great concern about the danger he would pose to the community, if released.

B. Defendant Giles

At the time of the instant offense, Defendant Giles was on pretrial release and supervision

---

[1] The United States respectfully requests the opportunity to amend and/or supplement this information based on information obtained by the Pretrial Services Agency once available.

in D.C. Superior Court Case Number 2019 CF2 16390. Notably, in that case, Defendant Giles is charged with both narcotics and firearms-related offenses. *See* Exhibit A (2019 CF2 16390 Gerstein). Indeed, it would appear the conduct that forms the basis of that offense is remarkably similar to that at issue here – the possession with intent to distribute a substantial amount of narcotics. Notwithstanding that Court's willingness to release him into the community pending trial, Defendant Giles has continued to engage in the very same conduct. Indeed, it appears that his conduct has only escalated, given that he is charged here with possession with intent to distribute 40 grams or more of Fentanyl, subjecting him to a mandatory five years of incarceration.

    C. <u>Defendant Canarte</u>

Although it appears that Defendant Canarte also lacks any prior adult convictions, his history and characteristics also favor pretrial detention in this case. First, although Defendant Canarte was not found in possession of a firearm on September 24, 2020, it is clear that his willingness to engage in criminal conduct is not limited to the instant offense. Specifically, law enforcement has on multiple occasions – through Youtube, Instagram and other social media platforms, observed Defendant Canarte in possession of suspected firearms. As depicted in the below photographs, Defendant Canarte, who appears to have a penchant for firearms, has repeatedly been observed directly possessing or having access to firearms:

    *Photograph taken from music video posted on or about July 13, 2020 (Defendant Canarte identified by red circle):*



*Photograph of Defendant Canarte taken from social media on or about July 23, 2020*:



**Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by a defendant's release, also weighs in favor of Defendants' detention. The charged offenses involve the possession with the intent to distribute a highly dangerous controlled substance: fentanyl. Moreover, both Defendant Canarte and Defendant Brooks were also in possession of additional controlled substances, given that Canarte was in possession of a bottle of suspected Promethazine and Brooks was in possession of distribution amounts of suspected crack cocaine. Fentanyl is an extremely dangerous substance and poses a great risk of causing serious bodily injury to or the death of innocent persons in the community. Moreover, the risk caused by the possession of firearms during drug trafficking offenses cannot be understated.

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure that Defendants will comply with court orders and abide by appropriate release conditions. Furthermore, Defendants simply cannot rebut the presumptions applicable in this case in light of the facts of the instant case and his own history and characteristics.

**Conclusion**

The Court should grant the government's motion to detain Defendants Giles, Brooks, and Canarte pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

By:  _____/s/_____
ANDREA DUVALL
AR Bar 2013114
Assistant United States Attorney

8

555 Fourth Street, N.W., Fourth Floor<br>
Washington, D.C. 20530<br>
Telephone: (202) 252-6745<br>
E-mail: andrea.duvall2@usdoj.gov